UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YILVER PONCE | 501096 |
| Petitioner's Name | Prisoner Number |
| VERSUS | **15-1179** |
| TIMOTHY KEITH, WARDEN | **SECT. E MAG. 5** |
| Respondent (person having custody of prisoner) | Docket Number |

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

1. The name and address of your present place of confinement:

   WINN CORRECTIONAL CENTER P.O. BOX 1260 WINNFIELD, LA 71483-1260

2. Are you presently in custody pursuant to the conviction(s) or sentence that you seek to attack?

   Yes √   No _____

   TENDERED FOR FILING
   APR 1 3 2015
   U.S. DISTRICT COURT
   Eastern District of Louisiana
   Deputy Clerk

3. With regard to the conviction (s) or sentence you are attacking state:

   a. The name, address, and parish of the court entering the judgment of conviction:
      22nd J.D.C., 701 N. Columbia St., Covington, LA 70433

   b. The date of judgment of conviction: __August, 2009__

   c. The length of your sentence: __15 years, consecutive to other sentences__

   d. The nature of each offense you were convicted of: __4th offense DWI__

   e. Whether you were convicted of each offense following a plea of:
      i. Not guilty  √
      ii. Guilty _____
      iii. Nolo contendre _____

      If you enter a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details : _____

   f. If you pleaded not guilty, what kind of trial did you have? (check one)
      i. Jury  √          ii. Judge only _____

1

      g.    Did you testify at trial?

            Yes _____        No  √

4. **Statute of Limitations**

28 U.S.C. § 2244(d) establish a 1 year statute of limitation for an application for writ of habeas corpus. Is this application barred by this 1 year period of limitation? YES _____ NO  √

If not, state why not? _____ Filed within one year of denial of Writs by the Louisiana Supreme Court under docket number _____ as to post conviction relief.

5. **Ground for Present Petition**

State concisely each and every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach pages stating additional grounds and facts supporting same.

WARNING: Absent exceptional circumstances, if you fail to set forth all grounds in this petition, you will be barred from presenting additional grounds at a later date. See 28 U.S.C. § 2244.

    a.    Ground one: _____ See attached _____

Supporting FACTS (state briefly without citing cases or law) _____

    b.    Ground two: _____ See attached _____

Supporting FACTS (state briefly without citing cases or law) _____

    c.    Ground three: _____ See attached _____

Supporting FACTS (state briefly without citing case law) _____

Ground four: _____See attached_____

Supporting FACTS (state briefly without citing cases law) _____

6. **Direct Appeals**

   a. Did you file a direct appeal. For your judgment of conviction or sentence?
      Yes √   No.___

   b. If you did file a direct appeal, for your initial appeal, answer the following:
      
      i. The name and address of the court where you first appealed:
         1st Circuit Court of Appeal, 1600 N. Third St., Baton Rouge, LA 70821

      ii. The result of this appeal.
         Conviction and sentence affirmed

      iii. The date of the decision. ___3-25-11___
      iv. The citation and/or docket number of the decision (if known). ___2010-KA-1446___
      v. The grounds raised in your present habeas petition that were raised in this direct appeal.
         Yes

   c. If you sought review of your appeal by a higher court, answer the following:
      
      i. The name and address of the court where you next applied for review.
         Louisiana Supreme Court, 400 Royal St., New Orleans, LA 70130

      ii. The result of this appeal.
         Writs denied

      iii. The date of the decision. ___11-14-11___
      iv. The citation and/or docket number of the decision (if known).
         ___2011-KO-0833___

3

      v.      The grounds raised in your present habeas petition that were raised in this earlier application for review:

          Insufficient evidence and excessive sentence

d.    If you filed for certiorari in the U.S. Supreme Court, please answer the following with respect to each such petition:

      i.      The result. _____

      ii.     The date of the of the result. _____

      iii.    The citation and/or docket number (if known). _____

      iv.    The grounds raised in your present habeas petition that were raised in this earlier appeal.

7.    **Post-Conviction or other Collateral Review**

    a.    Other than the direct appeals described above, have you previously filed any petitions, application, or motions with respect to your judgment of conviction or sentence in the state court?

         Yes  √   No ____

    b.    If so, give the following information with regard to the first petition, application, or motion you filed:

      i.      The name and address of the court.    22nd J.D.C., St. Tammany

      ii.     The name of the proceeding.    Post Conviction

      iii.    The date it was filed.    July 2, 2012

      iv.    The grounds raised in your present habeas petition that were raised.

          Insufficient evidence, ineffective counsel, denial of fair trial, and to call witnesses and denial of an interpreter.

      v.     Did you receive an evidentiary hearing? Yes ____ No √

      vi.    The result.    Denied summarily under LSA-C.Cr.P. art. 929.

      vii.   Did you appeal or file an application for review to higher state courts having jurisdiction? Yes  √   No ____

      viii.  If not, explain briefly why you did not. _____

      ix.    If so, name the court(s) to which you applied, the date of the final result in each court., and the result in each court:

4

1st Circuit Court of Appeal, denied writs under docket number 2012-1-KW-1524 and the Louisiana Supreme Court under docket number 2012-KH-2724 (5-24-2012)

    c.   if you filed a second petition, application, or motion, give the following information with regard to that filing:

        i.   The name and address of the court:   22nd J.D.C., St. Tammany, 701 N. Columbia St., Covington, LA 70433

        ii.   The nature of the proceeding:   Motion to Correct Unconstitutional Conviction and Sentence

        iii.   The date it was filed:   July , 2013

        iv.   The grounds raised in your present habeas petition that were raised.
Ineffective counsel, insufficient evidence

        vii.   Did you appeal or file an application for review to higher state courts having jurisdiction?
Yes  √  No ___

        viii.   If not, briefly explain why you did not: _____

        ix..   If so, name the court(s) to which you applied, the date of the final result in each court, the result in each court:   1st Circuit Court of Appeal docket no. 2013-KW-1455, writ denied 11-0-03, rec'd judgment 6-9-14 after inquiry of status. Louisiana Supreme court docket no. 2014-KH-1269 denied 4-2-15, received 4-6-15

8. **Exhaustion of State Remedies**

Generally, any ground that you seek to present here must have first been presented to the state courts. See 28 U.S.C. § 2254(b). Attach copies of previous petitions, applications, or motions filed with the state courts where you presented each of the grounds listed in Part 5. If any of the grounds listed in Part 5 above have not been previously presented to the highest state court that has the power to consider it, state briefly what grounds were not so presented, and give your reasons for not presenting them:

9. **Prior Federal Habeas Petitions**

    a.   Have you filed any other petition in any federal court where you sought to attack the same conviction(s) or sentence you are challenging here? Yes ___   No √

    b.   if so, give the following information:

        i.   The name and address of the court where it was filed: _____

5

   ii.  The docket number: _____

   iii.  The grounds raised: _____

10. **Other Pending Actions**

  A. Do you have any petition or appeal pending in any court, either state or federal, as to the judgment you are attempting to attack here ? YES ____  NO √

  B. If so, please give the following information:

  i. The name and address of the court: _____

  ii. The nature of the proceeding: _____

11. **Attorney Representing Petitioner**

Give the name and address of each attorney who represented you in the following stages of the judgment attacked herein:

  A. At the preliminary hearing : _Roy Burns, 404 E. Gibson St., Covington, LA  70433_

  B. At the arraignment and plea: _____

  C. At trial: _____ Roy Burns, 404 E. Gibson St., Covington, LA  70433

  D. At sentencing: _____ Roy Burns, 404 E. Gibson St., Covington, LA  70433

  E. On appeal : _____ Frederick Kroenke, 2310 Perkins Road, Baton Rouge, LA  70808

          _____ Louisiana Appellate Project

  F. In any post-conviction proceeding: _____

  G. On appeal from any adverse ruling in a post-conviction proceeding: _None_

12. **Other Sentences**

    A.    Were you sentenced for more than one offense in the same court and at the same time?

           YES \_\_\_        NO √

    B.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?   YES \_\_\_    NO √

       i.    If so, give the name and location of the court which imposed the sentence to be served in the future:

       ii.    Give the date and length of the said sentence: \_\_\_

       iii.    Have you filed, or do you contemplate filing any petition attacking the judgment which imposed the sentence to be served in the future? YES \_\_\_    NO √

**WHEREFORE,** petitioner prays that the Court grant petitioner relief to which he may be entitled in the proceeding.

Respectfully submitted,

*Yilver M. Ponce*
**Signature of Petitioner**

I declare under penalty of perjury that the foregoing is true and correct. Done on this 7th day of April, 2015.

*Yilver M. Ponce*
**Petitioner**

7

## STATEMENT OF CLAIMS

1.      Defendant Ponce's right to effective assistance of counsel and a fair trial was violated when the trial court denied defendant Ponce an interpreter due to his lack of understanding of the English language as indigent contrary to *Ake v. Oklahoma*, 470 U.S. 68 (1985);[1] and *Strickland v. Washington*, 466 U.S. 668 (1984).

## STATEMENT OF FACTS

Defendant Ponce is a Honduran immigrant. I speak Spanish, although it is different from other Spanish speaking nations. I speak some broken English. I understand very little English.[2]

LSA-Civil Code Procedure Article 25.1 states:

> ...If a non-English speaking person who is a principal party in interest or a witness in a proceeding before the Court has requested an interpreter, a judge shall appoint, after consultation with the non-English speaking person or his attorney, a competent interpreter to interpret or to translate the proceedings to him and to interpret or translate his testimony.

Defendant Ponce's attorney requested an interpreter to which based upon the false representation by the State's prosecutor that I could read and understand the English language well to participate in a jury trial and for sentencing and due to costs denied this request.[3]

2.      The State's expert witness who administered the intoxilyzer test on the 25th day of February, 2008, failed to prove his certification under LSA-R.S.32:661 prior to introduction of said test as prima facie proof of intoxication contrary to *Jackson v. Virginia*, 443 U.S. 307 (1979); and *Maddox v. Omni Drilling Corp.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 2795 (1993).[4]

---

[1] See *State v. Madison*, 345 So. 2d 485 (La. 1977)(cases cited).
[2] See *State v. Ponce*, #320427 where an interpreter was used on my behalf contrary to the State's argument.
[3] See #2 above and Exhibits (A), (B), and (C) attached.
[4] See *State v. Foret*, 628 So. 2d 1116 (La. 1993).

## STATEMENT OF FACTS

During the defense cross-examination of Deputy Steve Chiasson, who was the law enforcement officer that administered the intoxilyzer test upon defendant Ponce on the 25th day of February, 2008 testified as follows:

Q. Now I'd like to ask you this question in terms of you suggested to the Court that you are approved as an operator. Do you have your certification of operation with you today that we can make a copy of and put into the record that on this particular day, that you are qualified to run an intoxilyzer machine that you did?

A. Yes, I did. (R.p. 251).

The officer was only able to present to the Court his then current card showing that he was certified for the record 3-26-11. (R.p. 252). This arrest occurred February 26, 2008 (R.p. 225).

When the State attempted to introduce into evidence the results of the breath analysis, defense counsel objected stating that an adequate foundation had not been laid for admission of the breath test. The trial court overruled the objection and allowed the test results in as evidence, saying that he found that the proper foundation was laid with the provision, the other certifications must be openly offered. (R.p. 2359). The only evidence that Deputy Chaisson was properly certified to administer the breath test was the confusing testimony quoted above that there was no testimony to the contrary. The analysis report showed defendant Ponce's blood alcohol content to be 0.16 %. Under LSA-32:662(A)(1)(c), a blood alcohol content of 0.10 % (0.8 % or more creates a presumption of intoxication. When the State depends on the presumption created in its favor under LSA-R.S.32:662 to support a driving while intoxicated prosecution, the State must affirmatively show that the blood (breath) sample was taken and

analyzed by persons who have the requisite qualifications and certifications set forth in LSA-R.S.32:663 and LSA-R.S.32:664.[5]

3. The appellate court's ruling that defendant Ponce failed to challenge the failure of the State to produce the certification of Deputy Steve Chaisson on February 25, 2008 allowed the State to use said finding as substantive proof of intoxication[6] is contray to my due rocess rights under *Tennessee v. Street*, 471 U.S. 409, 413 (1985); *Melendez-Diaz v. Mass.*, 557 U.S. ___, 129 S.Ct. 2527, 174 L.Ed. 2d 314 (2009)(cases cited); and *Maddox v. Omni Drilling Corp.*, supra. See also *Strickland v. Washington*, supra.

4. The State's use of former guilty pleas for DWI's under docket numbers: 398788; 400716; 400717; and 400040 to enhance my present sentence pursuant to LSA-R.S.14:98.E(1)(a) for revocation purposes under docket numbers: 400716; 400717; 398788; and 400040 without proof of a voluntary, intelligent and knowing waiver of my Boykin rights in light of no interpreter despite knowing I was a Honduran immigrant with little or no understanding of the English language to comprehend what was transpiring was contrary to *Boykin v. Alabama*,[7] and *Strickland v. Washington*, supras.

5. The trial counsel was ineffective for failing to investigate and preserve these claims under LSA-C.Cr.P. art. 841 resulting in deprivation of due process trial and sentencing hearing contrary to *Strickland v. Washington*, supra.[8]

6. The appellate counsel was ineffective on direct appeal by not perfecting the herein claims

---

[5] See *State v. Bruins*, 315 So. 2d 293 (La. 1975).
[6] See *State v. Polkey*, 529 So. 2d 474, 476 (La. App. 1st Cir. 1988), writ denied, 536 So. 2d 1226 (La. 1998).
[7] *Boykin v. Alabama*, 395 U.S. 238 (1969).
[8] No notice and consent was obtained from defendant Ponce prior to the acts/inaction of counsel causing the procedural defaults of constitutional errors as required under *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed. 2d 565 (2004); *State v. Allen*, 06-778, at 11, 955 So. 2d at 751; and *State v. Cambre*, 05-888 at 27, 939 So. 2d at 461.

analyzed by persons who have the requisite qualifications and certifications set forth in LSA-R.S.32:663 and LSA-R.S.32:664.[5]

3. The appellate court's ruling that defendant Ponce failed to challenge the failure of the State to produce the certification of Deputy Steve Chaisson on February 25, 2008 allowed the State to use said finding as substantive proof of intoxication[6] is contray to my due rocess rights under *Tennessee v. Street*, 471 U.S. 409, 413 (1985); *Melendez-Diaz v. Mass.*, 557 U.S. ___, 129 S.Ct. 2527, 174 L.Ed. 2d 314 (2009)(cases cited); and *Maddox v. Omni Drilling Corp.*, supra. See also *Strickland v. Washington*, supra.

4. The State's use of former guilty pleas for DWI's under docket numbers: 398788; 400716; 400717; and 400040 to enhance my present sentence pursuant to LSA-R.S.14:98.E(1)(a) for revocation purposes under docket numbers: 400716; 400717; 398788; and 400040 without proof of a voluntary, intelligent and knowing waiver of my Boykin rights in light of no interpreter despite knowing I was a Honduran immigrant with little or no understanding of the English language to comprehend what was transpiring was contrary to *Boykin v. Alabama*,[7] and *Strickland v. Washington*, supras.

5. The trial counsel was ineffective for failing to investigate and preserve these claims under LSA-C.Cr.P. art. 841 resulting in deprivation of due process trial and sentencing hearing contrary to *Strickland v. Washington*, supra.[8]

6. The appellate counsel was ineffective on direct appeal by not perfecting the herein claims

---

[5] See *State v. Bruins*, 315 So. 2d 293 (La. 1975).
[6] See *State v. Polkey*, 529 So. 2d 474, 476 (La. App. 1st Cir. 1988), writ denied, 536 So. 2d 1226 (La. 1998).
[7] *Boykin v. Alabama*, 395 U.S. 238 (1969).
[8] No notice and consent was obtained from defendant Ponce prior to the acts/inaction of counsel causing the procedural defaults of constitutional errors as required under *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed. 2d 565 (2004); *State v. Allen*, 06-778, at 11, 955 So. 2d at 751; and *State v. Cambre*, 05-888 at 27, 939 So. 2d at 461.

under the assignment of ineffective trial counsel whereas the record would have been sufficient for appellate review regulating to post conviction relief with the burden upon defendant Ponce to prove prejudicial errors whereas the burden on direct appeal would have been upon the State to prove harmless errors is contrary to **Strickland v. Washington**, supra.[9]

WHEREFORE defendant Ponce prays this Court order petitioner Ponce's conviction and sentences vacated and set aside as being contrary to and/or an unreasonable determination of federal law based on the facts established.

Respectfully submitted this 7th day of April, 2015, under the penalty of perjury and in good faith.

*Yilver M. Ponce*
Yilver Ponce #501096
WNC Birch D-2
P.O. Box 1260
Winnfield, LA  71483-1260

---

[9] See #8 above.



Yelver M. Powell
#501096 BD2.16
P.O. Box 1260
Winnfield, LA 71483

Clerk of Court
United State District Court
Eastern District of Louisiana
500 Poydras St.
New Orleans, LA 70130

U.S. MARSHALS

7013 0830 3357