**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **YILVER PONCE** | **CIVIL ACTION** |
| **VERSUS** | **NO.   15-1179** |
| **TIMOTHY KEITH, WARDEN** | **SECTION "E"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).    For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

*Procedural History*

Petitioner, Yilver Ponce, is a convicted inmate incarcerated in the Winn Correctional Center in Winnfield, Louisiana.    Ponce was charged with fourth offense driving while intoxicated in violation of Louisiana Revised Statute 14:98.[1]    Following a two-day trial, on

---

[1] State Rec., Vol. 1 of 4, Twenty-Second Judicial District Court, Parish of St. Tammany Felony Bill of Information.

August 28, 2009, a jury found him guilty as charged.[2] On October 20, 2009, he was sentenced to fifteen (15) years imprisonment at hard labor.[3]

On direct appeal, Ponce raised two assignments of error: (1) the State's evidence was insufficient to prove that the deputy was certified to operate the intoxilyzer on the date of the arrest as required under Louisiana law and (2) the sentence imposed was excessive. On March 25, 2011, the Louisiana First Circuit Court of Appeal affirmed the conviction and sentence.[4] On November 14, 2011, the Louisiana Supreme Court denied his related writ application.[5]

On February 20, 2012, Ponce filed a motion for concurrent sentences with the state district court.[6] That motion was denied on February 29, 2012. On June 28, 2012, Ponce

---

[2] State Rec., Vol. 1 of 4, Minute Entry, 8/28/09; Jury Verdict; *see also* State Rec., Vol. 2 of 4, Trial Transcript (August 28, 2009), p. 37.

[3] State Rec., Vol. 1 of 4, Minute Entry, 10/20/09, *see also* State Rec., Vol. 2 of 4, Transcript of Sentencing, (October 20, 2009), p . 4.

[4] *State v. Ponce*, 2010-KA-1446, 2011 WL 2520184 (La. App. 1st Cir. 3/25/11). *See* State Rec., Vol. 3 of 4 (unpublished opinion).

[5] *State v. Ponce*, 2011-KO-0833 (La. 11/14/11), 75 So.3d 938.

[6] State Rec., Vol. 3 of 4, Motion for Concurrent Sentences. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). If that date cannot be gleaned from the state court record with respect to the filing, this Court will use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In

2

submitted an application for post–conviction relief to the state district court.[7]   In that application, he raised three grounds for relief:     (1) he was denied the right to an interpreter at trial; (2) he was denied the right to call witnesses in his defense; and (3) trial counsel was ineffective for failing to investigate or discuss the case with him.     The district court denied relief on July 20, 2012.[8]   He filed a notice of intent to seek writs and was granted until August 20, 2012 to file his writ application.     A motion for extension of time was subsequently granted with a return date of September 20, 2012.     On September 13, 2012, Ponce filed a related writ application in the Louisiana First Circuit Court of Appeal.     The court of appeal denied relief on November 19, 2012.[9]   On December 8, 2012, he filed a supervisory writ application with the Louisiana Supreme Court.     The Supreme Court denied relief on May 24, 2013.[10]

On July 24, 2013, Ponce filed a motion to correct his unconstitutional conviction and

those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.

[7]   *Id.*, Uniform Application for Post-Conviction Relief signed June 28, 2012

[8]   *Id.*, District Court Order denying PCR (July 20, 2012).

[9]   State Rec., Vol. 4 of 4, Louisiana First Circuit Application for Writs, No. 2012-KW-1524 bearing signature date of 9/13/12; *State v. Ponce*, 2012-KW-1524 (La. App. 1st Cir. Nov. 19, 2012) (unpublished writ ruling).

[10]   State Rec., Vol. 4 of 4, Louisiana Supreme Court Application for Writs, No. 12-KH-2724 bearing signature date of 12/8/12; *State ex rel. Ponce v. State*, 12-KH-2724 (La. 5/24/13), 116 So.3d 660.

sentence in which he raised six claims for relief:    (1) trial counsel was ineffective and he

was denied a fair trial when the trial court failed to grant his request for an interpreter; (2)

the State's expert failed to prove his certification to administer the intoxilyzer test to support

its introduction as proof of intoxication; (3) the appellate court's ruling on direct appeal

denied him due process; (4) the State relied on invalid predicate guilty plea convictions; (5)

trial counsel was ineffective for failing to preserve errors for appeal; and (6) appellate

counsel was ineffective for failing to assert on appeal that trial counsel was ineffective.[11]

On July 30, 2013, the state district court denied relief.[12]    On August 19, 2013, he filed a

related writ application with the Louisiana First Circuit.    The Louisiana First Circuit denied

his motion for leave to supplement and issued a ruling denying the writ application on

November 21, 2013.[13]    On June 11, 2014, Ponce filed a related supervisory writ application

with the Louisiana Supreme Court.    The Louisiana Supreme Court denied relief on April 2,

2015.[14]

---

[11]   State Rec., Vol. 3 of 4, Motion to Correct Unconstitutional Conviction and Sentence.

[12]   *Id.*, District Court Order denying post-conviction relief signed July 30, 2013.

[13]   *See* State Rec., Vol. 4 of 4, Application for Writs No. 13-KW-1455; State Rec., Vol. 3 of 4, *State v. Ponce*, 2013-KW-1455 (La. App. 1st Cir. Nov. 21, 2013) (unpublished writ rulings).

[14]   State Rec., Vol. 4 of 4, Louisiana Supreme Court Application for Writs, No. 2014-KH-1269; *State ex rel. Ponce v. State*, 2014-KH-1269 (La. 4/2/15), 163 So.3d 789.

On April 7, 2015, Ponce filed his federal application for *habeas corpus* relief.[15]   In his petition, Ponce asserts the following grounds for relief: (1) trial counsel was ineffective and he was denied a fair trial when the trial court denied his request for an interpreter; (2) the evidence was insufficient to prove intoxication based on the lack of proof that the State's expert was certified to administer the intoxilyzer; (3) the appellate court's ruling on direct appeal denied him due process; (4) his sentence was improperly enhanced; (5) trial counsel was ineffective for failing to preserve errors for appeal; and (6) appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel on appeal. The State filed a response and memorandum in opposition arguing that the federal application is untimely and that all of the claims have not been exhausted in the state courts. The State also argued that the two properly exhausted claims fail on the merits.[16]   Ponce filed a reply to that response.[17]

*Analysis*

Initially, the Court must determine whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state-court remedies and the claims must not be in "procedural

---

[15]  Rec. Doc. 4, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus signed and dated April 7, 2015.

[16]  Rec. Docs. 13, 14.

[17]  Rec. Doc. 15.

default." *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir.1997) (citing 28 U.S.C. § 2254(b),(c)).

A. *Timeliness*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254, with this one-year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking such review.   28 U.S.C. § 2244(d)(1)(A).   The limitations period is subject to statutory tolling for all time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (defining "properly filed").   A matter is "pending" as long as the ordinary collateral review process is in continuance. *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

The AEDPA's one-year statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).   A petitioner seeking equitable tolling has the burden of establishing two elements: " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125

S.Ct. 1807, 161 L.Ed.2d 669 (2005)); see also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) (A petitioner bears the burden of proof to establish entitlement to equitable tolling).

In this case, Ponce's conviction became final, for federal limitations purposes, on February 13, 2012, after the 90–day deadline had passed for filing a writ of certiorari with the United States Supreme Court.    *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Under a plain reading of the statute, Ponce then had one year within which to file his federal *habeas* petition.    Ponce did not file his federal *habeas* petition with this Court until April 7, 2015.

With respect to statutory tolling, the State contends that all statutory tolling ceased thirty (30) days after the intermediate appellate court's ruling of November 21, 2013, denying Ponce's second application for supervisory writs, because Ponce did not submit his writ application to the Louisiana Supreme Court within thirty (30) days of the mailing of notice of judgment.    *See* Louisiana Supreme Court Rule X, § 5(a).    The State argues that although Ponce had allowed only one-hundred sixty-three (163) days of untolled time to elapse up to this point, the untimely writ application afforded no tolling credit whatsoever. The balance of the one-year limitations period thus ran uninterrupted because he filed no other state applications, and his federal application was filed more than a year later.

Ponce does not dispute his untimely filing and his writ application filed with the

Louisiana Supreme Court bears a signature date of June 11, 2014.     However, as explained in his writ application and supporting documentation filed with the Louisiana Supreme Court, he did not receive the Louisiana First Circuit's writ denial order until after he inquired with the court of appeal on June 3, 2014.     On June 9, 2014, he received a letter from the First Circuit informing him for the first time that his writ had been denied.     He immediately filed his writ application with the Louisiana Supreme Court.     That application was denied on April 2, 2015.     He filed his federal application on April 7, 2015.

Recognizing Ponce's implicit assertion of equitable tolling under the circumstances, the State asserts that the notice of mailing issued by the court of appeal disproves his assertion.     The notice of mailing, however, actually supports Ponce's assertion that he did not receive the order, as it bears a different dormitory location (WNC Elm A-2) from where Ponce was actually located (Birch D-2).     Moreover, if Ponce's assertion is credited, equitable tolling would be appropriate because the record shows, and the State apparently concedes, that he was indeed diligent in pursuing his rights.     For these reasons, therefore, the federal petition will be considered timely filed.

B. *Exhaustion*

The State also argues that the petition raises both exhausted and unexhausted claims, and therefore should be dismissed without prejudice as a mixed petition.     The State contends Ponce did not properly raise or fairly present the substance of claims three through

six to the Louisiana Supreme Court.[18]    The state court record supports the State's assertion.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); accord *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519–20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); accord *Duncan v. Walker*, 533 U.S. 167, 177–79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387

---

[18]   The State concedes that claim one was properly raised and exhausted in his first post-conviction relief application and related writ applications filed with the intermediate appellate court and Louisiana Supreme Court, and that claim two was properly raised and exhausted on direct appeal.

(citing *Picard*, 404 U.S. at 275–78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id*. (citing *Nobles*, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

In his federal application, Ponce lists the following pertinent grounds for relief, designated as claims three through six:

3.   The appellate court's ruling that defendant Ponce failed to challenge the failure of the State to produce the certification of Deputy Steve Chaisson on February 25, 2008 allowed the State to use said finding as substantive proof of intoxication is contrary to my due process rights under *Tennessee v. Street*, 471 U.S. 409, 413 (1985); *Melendez-Diaz v. Mass.* 557 U.S. __, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009 (cases cited); and *Maddox v. Omni Drilling Corp.*, *supra*.   See also *Strickland v. Washington*, *supra*.

4.   The State's use of former guilty pleas for DWI's under docket numbers: 398788; 400716; 400717; and 400040 to enhance my present sentence pursuant to LSA-R.S. 14:98E(1)(a) for revocation purposes under docket numbers: 400716; 400717; 398788; and 400040 without proof of a voluntary, intelligent and knowing waiver of my Boykin rights in light of no interpreter despite knowing I was a Honduran immigrant with little or no understanding of the English language to comprehend what was transpiring was contrary to *Boykin v. Alabama*, and *Strickland v. Washington*, *supra*.

5.   The trial counsel was ineffective for failing to investigate and preserve

10

these claims under LSA-C.Cr.P. art. 841 resulting in deprivation of due process trial and sentencing hearing contrary to *Strickland v. Washington*, *supra*.

6.      The appellate counsel was ineffective on direct appeal by not perfecting the herein claims under the assignment of ineffective trial counsel whereas the record would have been sufficient for appellate review regulating to post-conviction relief with the burden upon defendant Ponce to prove prejudicial errors whereas the burden on direct appeal would have been upon the State to prove harmless errors is contrary to *Strickland v. Washington*, *supra*.

All of these grounds for relief were raised in Ponce's second post-conviction application, styled as a motion to correct unconstitutional conviction and sentence, filed in the state district court.     The district court denied relief, finding that the claims had been addressed in a previous application for post-conviction relief.     Ponce subsequently failed, however, to assert or request review of these substantive claims on the merits at either level of appellate review in the state courts.     Instead, in each of those writ applications (No. 2013-KW-1455 and No. 14-KH-1269), filed respectively in the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court, he assigned the following claims for relief:

1.      Whether the trial court erred as a matter of federal law that these claims were presented in the 1st application for Post Conviction Relief denied July 20, 2012?

2.      Whether the trial court abused its discretion in refusing to Reconsider the July 20, 2012 judgment denying for federal exhaustion purposes in the interest of justice?

3.      Whether the trial court denied petitioner Ponce's due process by not appointing counsel in his first post conviction proceeding raising

11

substantial ineffective trial, and appellate counsel claims for federal exhaustion purposes under *Martinez v. Ryan*, 132 S.Ct. 1309 (3-20-12)?

Based on a review of his writ applications, it is clear that Ponce did not identify his underlying substantive claims, much less ask the courts to review them.    Further, he has pointed to no authority suggesting that, absent being presented with the substance of those claims, the courts would have gratuitously reviewed them.    Nor is there any reason in this case to believe they in fact did so.    Ponce presented the courts with a narrow procedural issue of repetitiveness, and the courts were not required to consider the merits of his underlying substantive claims in order to resolve that procedural issue.

In *Baldwin v. Reese*, 541 U.S. 27 (2004), the United States Supreme Court explained that claims are unexhausted unless they are expressly raised by a petitioner in his state-court petition, brief, or similar document.    In that case, the Supreme Court rejected inmate Reese's argument that his claims were fairly presented to the Oregon Supreme Court simply because the justices of that court had the "opportunity" to review the lower court records when deciding whether to grant discretionary review.    The Supreme Court held that a claim is not "fairly presented" to a court for exhaustion purposes "if that court must read beyond a petition or a brief (or a similar document)." *Id.* at 32.    Applying these principles in the instant case, the Court finds that claims three through six were not fairly presented through the highest level of the state court system and that they therefore remain unexhausted.    *See Patterson v. Cain*, Civ. Action No. 10–4587, 2012 WL 1933748, at *4 (E.D.

12

La. May 29, 2012); *see also Williams v. Cain*, Civ. Action No. 12–1990, 2013 WL 595928, at
*9–10 (E.D. La. Jan. 16, 2013), *adopted*, 2013 WL 595925 (E.D. La. Feb. 15, 2013).

A "mixed" petition—one containing both exhausted and unexhausted claims—is
subject to dismissal in its entirety.     *See Whitehead v. Johnson*, 157 F.3d at 387 (citing *Nobles*,
127 F.3d at 420).    The record on its face discloses no good cause for Ponce's failure to
properly and fully exhaust his claims in the state courts.    *Rhines v. Weber*, 544 U.S. 269,
277–78 (2005).    Accordingly, this mixed petition should be dismissed without prejudice,
unless Ponce chooses to amend the petition to dismiss the unexhausted claims for relief and
proceed with only the exhausted claims.    *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing
*Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

**IT IS RECOMMENDED** that Ponce's application for federal *habeas corpus* relief be
**DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and
recommendation in a magistrate judge's report and recommendation within fourteen (14)
days after being served with a copy shall bar that party, except upon grounds of plain error,
from attacking on appeal the unobjected-to proposed factual findings and legal conclusions
accepted by the district court, provided that the party has been served with notice that such
consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

13

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[19]

New Orleans, Louisiana, this <u>28th</u> day of <u>June</u>

2016.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**

---

[19] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.